IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK TORBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-530-MEF |
| | ) | [WO] |
| | ) | |
| OPELIKA POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Patrick Torbert ["Torbert"], a county inmate,

complains that he was subjected to a false arrest due to his race, not apprised of his

*Miranda* rights and physically mistreated during his arrest by officers of the Opelika Police

Department. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Torbert names the Opelika

Police Department and Lt. Clark as defendants in this cause of action.

Upon review of the complaint, the court concludes that Torbert's claims against the

Opelika Police Department and his challenges to the constitutionality of the criminal

charge(s) pending against him are due to be dismissed prior to service of process pursuant

to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires
the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is
frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from
a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

### A.  The Opelika Police Department

A city police department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Torbert's claims against the Opelika Police Department are due to be summarily dismissed.  *Id.*

### B.  The Pending Criminal Charges

To the extent Torbert challenges criminal charges pending against him before the Circuit Court of Lee County, Alabama, he is entitled to no relief at this time.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37,43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.

In this case, Torbert has an adequate remedy at law because he may pursue his federal constitutional issues through the state court system in the on-going state criminal proceedings.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Moreover, Torbert has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that a plaintiff must endure state criminal proceedings fails

to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of any claims presented by Torbert which challenge the constitutionality of criminal charges pending against him before the state courts and dismissal of these claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Opelika Police Department be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Opelika Police Department be dismissed as a defendant in this cause of action.

3. To the extent the plaintiff presents claims challenging criminal charges pending against him before the state courts, these claims be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case, with respect to the plaintiff's claims against Lt. Clark related to the constitutionality of his arrest and the actions taken against him during the arrest, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before July 2, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of June, 2007.


                        /s/ Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE