IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK TORBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07-CV-530-MEF |
| | ) | |
| LT. CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 15, 2007, Patrick Torbert ["Torbert"], a county inmate, filed this 42 U.S.C.

§ 1983 action.  In this complaint, Torbert asserts that Lt. Clark, an officer of the Opelika

Police Department, falsely accused him of various criminal offenses.  However, Torbert

failed to provide the court with an address at which service could be perfected on

defendant Clark and service on the defendant has therefore not been perfected.  In light of

the foregoing, the court entered an order informing Torbert of the failure to perfect service

on Clark, advising Torbert of his responsibility to provide the court with a correct address

for service of the defendant and cautioning Torbert that the failure to perfect service on the

defendant would result in the dismissal of this case.  *Order of June 12, 2008 - Court Doc.*

*No. 8*.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not

served within 120 days after the complaint is filed, the court - ... on its own after notice to

the plaintiff - must dismiss the action without prejudice against that defendant.... But if the

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." When a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (Absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process for either "good cause" or another sufficient ground). "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991).

The time allowed for perfecting service of process on Lt. Clark expired in October of 2007. The court provided Torbert notice of the lack of service on Clark and the impending requisite dismissal of Clark from this cause of action. *Order of June 12, 2008 - Court Doc. No. 8.* Torbert fails to allege the existence of good cause warranting an extension of the time for service. Consequently, Torbert's claims against Lt. Clark are subject to dismissal without prejudice as service has not been perfected on Clark within the 120-day period required by Rule 4(m).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Lt. Clark be dismissed without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

2.  This case be dismissed without prejudice as the plaintiff has failed to perfect service on the defendant.

3.  No costs be taxed herein.

It is further

ORDERED that on or before July 15, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 2nd day of July, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE